**RECEIVED**

FEB 24 2017

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

**1:17 CV 129**

ET John Doe AllS

IN PROPRIA PERSONA

**J. BARRETT.J. BOWMAN**

Leroy Walton vs. City of Atlanta

217 US 349, 368 (1910). This statement is so true today as it was in 1910.

**Plaintiff**

LEROY WALTON under Color of State of Law of Right's secured by the Constitution. See: Monroe v Pape, 365 US 167 (1961);

Leroy Walton, Plaintiff within the protection of 42 U.S.C. § 1983.

See: Cooper v Pate, 378 US 546, 84 S Ct 1733, 12 L Ed 2d 1030

**Defendants**

(1964). Weem's v United States,

case enforce under 1983 what constitutes a cruel and unusual

City of Atlanta punishment has not been exactly decided,

See: Rudolph v Alabama, 375 US 889, 890, 891 (1963) (Dissenting

Rosaline Murphy Joy
150 Garnett Street 2nd Floor
Atlanta, GA 30303 *These defendant taken my life away from me from driving from Michigan*

Paul Howard *to Georgia 2012 to present*
City of Atlanta *they spent $44 millions on*
Office of the Municipal Clerk, et. al. *medical bills*
*relating to heart conditions*

Rhonda Dauphin Johnson, CMC, et. al.
Jane Morrison, et. al.
Dennis Collier, et. al.
Gray Jackson, et. al.
Carsmith et. al.

*Mr. Leroy Walton as had eight heart attacks and two strokes as a results of these Defendance. Mr. Walton have been in the Hillandale Hospital and Piedmont Hospital and golden living nursing home and Rockdale Hospital & Nursing home, Dekalb medical. He is total*

I, Leroy Walton, being first duty sworn, deposes and say that I am the plaintiff, in the above entitled case; that in support of my motion to proceed on appeal without being required to prepay fees, cost; or give security therefore, I state that because of my poverty I am unable to pay the cost of said proceeding or to give security therefore; that I believe I am entitled to redress; and that the issues which I desired to present on appeal are the following:

I am energy. I get $675 a month and my wife gets $250. This money is used for transportation to and from the doctor through Uber.

## Civil Rights
### Affidavit of Fact

You will find a copy of showing the continues of this case. In the month of December the 2012 defendents ordered Leroy Walton to come to court regarding expired Michigan driver's license a year and a half ago at approximately 7:00pm Leroy Walton and 2 of his companions went into the station to to bring a lottery ticket and prior to the 2 young men going into the store they told me to be careful since it was dark and I was from up North. 15 minutes later a police car pulled up and asked to see my license. I pulled my Michigan drivers license out and he went to the car and checked my license. He came back and said my license was expired I told him they were not expired and that I had only down here for 5 days. I was here to purchase a transmission and he said your license is expired they put the hands on their guns and called a tow truck and called a wagon to take me and my companions to jail the next morning we were up at 5:00am to go to court and the officer came by and I was to sick to go to court because I was suffering from a heart attack and stroke. I was then taken to Grady hospital where I mained chained to a bed for 10 days. On the 11th day I was returned to the jail and the next morning I is summoned to court. Once I was before the judge he asked how I pleaded regarding driving on a uspended license I told him my license wasn't suspended he ordered me to give them to the court appointed attorney. The Court appointed attorney ran in there and called Secretary of State Michigan. Then when he came back he told the judge that his license is not expired. The judge then told the attorney to hide the records in case he tries to bring a civil law suit and get him out of here. I was released immediately and went outside to call my wife. She picked me up and took me home after being at question for 30 days trying to figure out why these people would try to cover my drivers license and take my truck. Every time I would talk they would violate my civil rights and constitutional license and take my truck. Every time I would talk they would violate my civil rights and constitutional life.

This is what happened. We tried to drive from Michigan to Georgia. A million & a half dollars in medical bills. I've enclosed these documents so you are aware how corrupt



his confinement, but not to the fact of his custody. He cites several cases in support; Preiser v Rodariguez, 411 U.S. 475, 499 (1973). He also stresses the fact of his medical condition as a result of the actions of the Defendants. Hadley v Werner, 753 F2d 514, 516 (6th Cir. 1985); Russel v Gilliess, 870 F Supp 204, 205 (W.D. Tenn. 1994). Finally that the United States Court held in Heck v Humphrey, 466 U.S. 981, 114 S Ct 2364, 80 L Ed2d 836 (1984) that: "if a judgement favorable to a prisoner in a 42 U.S.C. 1983 action would necessarily imply the invalidity of the prisoner's conviction or the length of the prisoner's sentence, then 1983 action for damages does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized tribunal, or called into question by insurance of a federal habeas writ." Then finally the magistrate goes on to stress that unless a plaintiff can demonstrate that his conviction or sentence has been invalidated, his complaint must be dismissed. Hinds v State of Tennessee, 888 F Supp 854, 857 (W.D. Tenn. 1995).

The Plaintiff asserts to the court that although he did file in the United States District Court a 42 U.S.C. 1983 complaint, that in Sorann's Gasco v Morgan, 874 F 2d 1310 (9th Cir 1989); The Defendants are guilty of deliberate retaliation by state against individual's exercise of right's to petition the government for redress under Civil Rights Statute. Wildberger v Bracknell, 869 F 2d 1467.

The Defendants operate under the Color of State of Law of Rights secured by the Constitution of the United States. However, the Defendants violated their own statutes, the State's law, and Federal law.

Therefore, Leroy Walton, the Plaintiff is seeking compensatory damage from the Defendants for violation of Constitutional Rights. The Plaintiff is not required to exhaust his administrative remedies prior to filing a 1983 § 42 U.S.C., seeking money damages. Muhammad v Carlson, 739 F 2d 122 (3rd Cir 1984); officials must obey their own statutes. Otherwise, it infringes on the exercise of the Plaintiff's First Amendment Rights, guaranteed by the Constitution of the United States. Wisconsin Action Coalition

2

**United States Federal Court**

~~N Spring Street S Dr~~
~~Olympia, GA~~
~~Northern Division~~

**Civil Rights Complaint**

## AFFIDAVIT IN OPPOSITION TO REPORT AND RECOMMENDATION

Plaintiff is a processing in forma pauperis. Plaintiff can hardly be expected to understand the intricacies of Federal Magistrates Act.

Wimmer v. Cook, 774 F 2d 66 (4th Cir 1985)

Pro se pleadings by plaintiff must be liberally construed, with regard for technicalities.

Wallace v. McManus, 776 F 2d 915 (10th Cir 1985)

There is to construe pleadings liberally and to afford plaintiff benefit of any doubt in civil rights cases, where plaintiff pro se, pre se pleading are to be held to a less stringent standard than pleading drafted by attorney.
Balisteri v. Pacific Polices Dept., 901 F 2d 696 (9th Cir 1990);

Kelly v. McGinnis, 899 F 2d 612 (7th Cir 1990)

Plaintiff brought this 1983 42 U.S.C. complaint Department of Administrators for Constitutional violations, due process of law, conspiracy, and harassment. These defendants are acting under color of state law and under statue. An agency must follow his own procedures even though this procedure is more stringent.

Payne v. Book, 714 F 2d 1510 (11th Cir 1984);

These defendants are being sued by a private and profess capacity. Plaintiff has already had four (4) heart attacks at the time. All he can receive form these defendant's is punitive damages, monetary damages, and compensatory damages from of state, Georgia Department of Driving Services, and et. John Doe for Constitutional violations, curl and unusual punishment, and due process of law.

Eleventh Amendment does not provide immunity to state officials sued in their personal capacities. Dubs v. State University of New York, 900 F 2d 87 (2nd Cir 1990).

Supervisory officers can only be held liable under respondent supervisor theory if they fail to train or control subordinates who cause the plaintiff's injury. White v. Farrier, 849 F 2d 322 (8th Cir 1988); Michigan Secretary of State and Georgia Department of Driver Services are subject to liability where

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

Michigan drivers license. I was sweating so badly, i did not know what was wrong. Once I arrived at the jail, I was called

up to the desk for an interview. The lady read the charges out to me. She said i was being charged with Operating a Motor Vehicle with a Expired Drivers License. I was taken upstairs to a room. The officers got me up five o'clock the next morning for court. I was sitting in the bullpen awaiting to go to court. I fell to the floor. When I came to, I was at Grady Hospital. The doctor informed me that I have had two heart attacks. I stayed at the hospital, chained up for 10 days. I was taken from there and back to the county jail. I went to court the next morning. The judge read my charges. I told the judge that my drivers license was n t suspended. The judge called Dennis Collier and

"Plaintiff alleges that he was wrongfully arrested and illegally charged for expired drivers licenses."

Leroy Walton and Family

As a result of driving from Michigan to Georgia, the police stomped and said his drivers license was suspended and pushed head into the dash. The computer said the drivers licensed was suspended. The police call the tow truck and had Walton's truck towed away and called the paddy wagon for to have Walton transported to the county jail.

Walton was shaken so bad he did not know what was going on. Walton was taken the next to Grady Hospital where he learned that he had a heart attack and a stroke. This was Walton's first heart attack. Walton has been in Hillendale 50 for heart related issues dealing with the police in 2012. Walton was in the hospital and ordered physical therapy and speech therapy. That was Walton's 50 times to go to Hillendale. After Walton returned home he had to go into physical therapy, occupational therapy and speech therapy for 40 days. This was Walton's fourth heart attack. He was released home and after 2 weeks his heart stopped again and was rushed to Rockale Hospital for 30 days were they tried to revive Walton's heart. He was transferred to Rockdale Nursing Home. After finishing therapy, speech and physical therapy he was released home. After being home for 4 months he was then having trouble and transferred to Golden Living nursing home. While there he speech and physical therapy for 30 days.

Then Golden living was concerned about the response and had me transferred to Emory University after being in Emory for 30 days they did not make revive my heart. I was transferred then to Piedmont Hospital where they began to revive my heart of the 8ᵗʰ time. The priest in the chapel sat there and the doctor explained Walton was not going to make it and Walton could hear his family crying. Walton motioned for a pencil and paper and asked the priest to deliver the message to Elenore Ross (11 Circuit Judge Each time Walton was in the hospital filed a discover to Elenore Ross over 400 times. The Chaplin wrote everything down and prayed with Walton that his heart would start up to allow him one more time to write Eleonore ross to explain to her the suffering that I have endured because trying to find used transition parts from pull –a-parts the Chaplin told Walton don't worry. You didn't go through all this pain and suffering for nothing. You have exposed the corruption in the federal courts and the state courts. You took on the whole world and we love you and god bless you.

My third daughter Lillian was with me all the way. Ups nights and days and taken off sleep and calling the hospital and can't imagine what she endured and can attest to Emory and Piedmont and the other hospitals too.

If you have any question call me 404 399 4637
6308 sunflower place
Lithonia, GA 30038

The people in the United States are sick and tired of corruptions.

Cc file
United States justice department

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

The facts that will be presented in this complaint are the result of acts and actions that transpired at ASE State employees.

This is a Civil Right's Action filed by Leroy Walton in Propria Persona, Asking for damage's and injunctive relief under 42 USC 1983, alleging corruption, harassment, embarrassment, humiliation, modification of record's, Plaintiff Leroy Walton is suing the defendant and the private capacity to 1,000,000,000 a piece. Which caused physical pain'ts; mental auguish, fright and shock; and psychological injury's. This a violation of the Plaintiffs Civil and Constitutional Rights of the United States of America.

Rhode's v Chapman, 452 US at 347, Accord.

Wilson v Seiter, 111 S Ct at 2324.

~~See: e.g. Hick's v Frey 992 F 2d 1450, 1457 (6th Cir 1993) (extreme conduct by custodian's that cause's~~ severe emotional distress is sufficient); Scher v Engelke, 943 F 2d 921, 924 (8th Cir 1981) ( evidence of fear, mental anguish and misery can establish the requsite for an Eight Amendment claim) cert denied 112 S Ct 1516 (1992 ); Kingsley v Bureau of Prison's, 937 F 2d 2632

(2nd Cir 1991); White v Napolean, 897 F 2d 103, 111 ( 3rd Cir 1990);Parish v Johnson, 800 F 2d 600, 605 (6th Cir 1986).

See: Todaro v Ward, 565 F 2d 48, 52 ( 2nd Cir 1977); Kelly v McGinnis, 899 F 2d 612,616 (7th Cir 1990); Boswell v Sherburne County, 849 F 2d 577, 581 (4th Cir 1989); Boswell v Sherburne County, 849 F 2d 1117, 1123 (10th Cir 1988) cert denied 488 US 1010 (1989).

1987); Mirele's v Waco, 502 US 9; 112 S Ct 286, 289 (1991); Walachowski v City of Keene, 787 F 2d 704, 710 (1st Cir); Boyd v Bigger's , 31; Randle v Gregart, 965 F 2d 90, 93 (6th Cir 1992).

The Defendant certainly has no respect for human life for falsifying record, Common sense have told Police to treat Plaintiff accordingly. These persons are supposed to be up holders of the law. While they are rally tearing apart a human's life. This certainly isn't part of their job description.


See: Aswegan v Bruhl, 965 F 2d 667,677,678 ( 8th Cir 1992); Hill v Marshall, 962 F 2d 1209, 1213-1214 (6thCir 1992); Johnson v Hay, 931 F 2d 456, 461-462 ( 8th Cir 1991); Boretti v Wiscomb, 930 F 2d 1150,1156 (6th Cir 1991); Johnson v Handin County

Sorann's Gasco v. Morgan, 874 F 2d 1310 (9th Cir 1989); Deliberate retaliation by state against individuals's exercise of rights' to petition the government for redress under Civil Rights statute. Wildberger v. Bracknell, 869 F 2d 1467. Defendant's are operating under the color of state law of rights secured by the constitution of the United States. Defendan'ts violated their own statutes and state law and federal law. Attepmts to destroy the Plaintiff's life who's seeking money damage from these defendan't fo violtion of Constitutional Rights. Plaintiff is not required to exhaust his administrative remedies prior to filing a 1983 42 U.S.C., seeking money damages. Muhammad v. Carlson, 739 F 2d 122 (3rd Cir 1984); Officials must obey their own statutes. It infringes on exercise of First Amendment Rights, guaranteed by the Constitutuion of the United States. Wisconsin Action Coalition v. City of Kenosha, 767 F 2d 502, 503 (8th Cir 1985); 97 50 Led 2d 251, 97 S Ct 283 (1976); Hutto v. Finnley, 437 US 678, 57 L Ed 2 d 522, 98 S Ct 2565 (1978); Hutching v. Corum, 501 F Supp 1293 (W D Missouri 1980);

Cite: Gandhi V. Police Dept. of City of Detroit, 747 F2d 338 (6th Cir. 1984); stokes V. Delcambre, 710 F2d 1120 (5th Cir. 1983); Maggett V. Delshierm , 709 F2d 800 (2cd Cir. 1983) (Supervisory Personnel are subject to liability where evidence established that they authorized or approved unconstitutional conduct of the offending officers.

Dube v. State University of New York , 900 F2d 587 (2nd Cir. 1990). Plaintiff is seeking injunctive relief against these defendants in a private and professional capacity. Monetary, punitive, compensatory for different times using erroneous information. And for violating their policies. Pulliam V. allan, 466 US 52, 80 Led 2D 525, 104 SCT. 1970 (1984); Wahl v. McIver, 773 F2d 1169, 1172

Erroneous charges from the plaintiff's file. Parties who join conspiracy becomes criminally liable for all acts done in furtherance thereof. US v. Mobile Materials, Inc., 881 F 2d 866 (10th Cir 1989) if he played only a minor role in total scheme. Proof is sufficient, if it shows an unlawful agreement, knowledge of agreement, and their voluntary cooperation in inllegal venture. US v. Clark, 732 F 2d 1536 (11th Cir 1984); has the right to expect officials to follow it's policies and regulations. Caldwell v. Miller 790 F 2d 589 (7th Cir 1986); Anderson v. Smith, 697 F 2d 239 (8th Cir 1983).



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

Georgia, *et al.*,

Defendants.

**Civil Rights**

\*

Civil Rights Complaint

under Color of State of Law of Right's secured by the Constitu-
tion. See: Monroe v Pape, 365 US 167 (1961);

Leroy Walton, Plaintiff.

within the protection of 42 U.S.C. § 1983.
See: Cooper v Pate, 378 US 546, 84 S Ct 1733, 12 L Ed 2d 1030
(1964). The right to be free from cruel and unusual punishment
is one of the right's              Leroy Walton              in a proper
case enforce under 1983 what constitutes a cruel and unusual
punishment has not been exactly decided, Weem's v United States,
217 US 349, 368 (1910). This statement is so true today as
it was in 1910. It is possible however to identify three general
approach's to the question. See: Rudolph v Alabama, 375 US
889, 890, 891 (1963) (Dissenting opinion of Goldberg J.) The
first approach is to ask whether under all circumstance's the
punishment in question is of such character as to shock general
conscience or to be intolerable to fundamental fairness.

**Civil Rights Complaint**

## ALFIDAVIT IN OPPOSITION TO REPORT AND RECOMMENDATION

Plaintiff is a processing in forma pauperis . Plaintiff can hardly be expected to understand the intricacies of Federal Magistrates Act.
Wimmer v. Cook , 774 F 2d 66 (4th Cir 1985)

Pro se pleadings by plaintiff must be liberally construed, with regard for technicalities.
Wallace v. McManus, 776 F 2d 915 (10th Cir 1985)

There is obligation to construe pleadings liberally and to afford plaintiff benefit of any doubt in civil rights cases, where plaintiff pro se, also, pre se pleadings are to be held to a less stringent standard than pleadings drafted by attorney.
Balisteri v. Pacific Polics Dept., 901 F 2d 696 (9th Cir 1990);
Kelly v. McGinnis, 899 F 2d 612 (7th Cir 1990)

Plaintiff brought this 1983 42 U.S.C. complaint against Michigan Department of Administrators for Constitutional violations, due process of law, conspiracy, and harassment. These defendants are acting under color of state law and under statute. An agency must follow his own procedures even though this procedure is more stringent.
Payne v. Block,714 F 2d 1510 (11th Cir 1984);

These defendants are being sued by a private and profess capacity. Plaintiff has already had four(4) heart attacks at the time. All he can receive form these defendant's is punitive damages, monetary damages, and compensatory damages from Michigan Secretary of State, Georgia Department of Driving Services, and Et. John Doe for Constitutional violations, cruel and unusual punishment, and due process of law.

Eleventh Amendment DOES NOT provide immunity to state officials sued in their personal capacities. Dubs v. State University of New York, 900 F 2d 87 (2nd Cir 1990).
Supervisory officers can only be held liable under respondent supervisor theory if they fail to train or control subordinates who cause the plaintiff's injury. White v. Farrier, 849 F 2d 322 (8th Cir 1988);
Michigan Secretary of State and Georgia Department of Driver Services are subject to liability where evidence is established that they authorized and approved unconstitutional conduct of the offending parole officers. Ghandi v. Police Department of the City of Detroit, 747 F 2d 338 (6th Cir 1984); Stokes v. Decambre, 710 F 2d 1120 (5th Cir 1983); Maggette v. Dalshiem, 709 F 2d 800 (2nd Cir 1983);

"Brown v Board of Education of Topeka, 347 U.S. 483 (1954)"
Appeal from the United States District Court for the District of Kansas.
Plessy v. Ferguson 163 U.S. 537

Officers can only be held liable under respondent superior theory if they fail to train or control subordinates who cause injury. White v. Farrier, 849 F 2d 322 (8th Cir 1988); Eleventh Amendment DOES NOT provide immunity for state officials sued in their personal capacities. Dube v. State University of New York, 900 F 2d 587 (2nd Cir 1990); Municipalities are to be held liable if they fail to properly train their employees regarding constitutional rights, or if they show deliberate indifference.

## DEFENDENTS

Supervisory officers can only be held liable under respondent supervisor theory if they fail to train or control subordinates who cause plaintiffs injury. White v. Farrier, 849 F 2d 322 (8th Cir 1988) Eleventh Amendment DOES NOT provide immunity for state officials sured in their personal capacities. Dube v. State University of New York, 900 F 2d 587 (2nd Cir 1990); Municipalities are to be held liable if they fail to properly train their employees regarding constitutional rights, or if they show deliberate indifference. Los Angeles Police Protective League v. Gates, 907 F 2d 879 (9th Cir 1990); Canton v. Harris, 489 US ___, 103 L Ed 2d 412, 109 S Ct___(1989); Municipalities are "persons" subject to suit under S 1983. Monell v. Department of Social Services, 426 US 658, 56 L Ed 2d 611, 98 S Ct 2018 (1978)

Los Angeles Police Protective League v. Gates, 907 F 2d 879 ( 9th Cir 1990); Canton v. Harris, 489 US ___, 103 L Ed 2d 412, 109 S Ct ___(1989). Municipalities are "person" subject to suit under S 1983. Mondell v. Department of Social Services, 426 US 658, 56 L Ed 2d 611, 98 S Ct 2018 (1978)

These  defendants are being sued in a private and profess capacity.

All he can receive from these defendant's is punitive damages, monetary damages, and compensatory damages. For Constitutional violations, conspiracy, cruel and unusual punishment, and due process of the law.

Municipalities are to be held liable if they fail to properly train their employees regarding Constitutional Rights, or if they show deliberate differences. Los Angeles Police Protective League v. Gates, 907 F 2d 879 (9th Cir 1990); Canton v. Harris, 489 US __m 103 L Ed 2d 412, 109 S Ct ___ (1989); In 1992, Ghandi: v. Police Department of the City of Detroit, 747 F 2d 338 (6th Cir 1984); Maggette v. Delshiem, 709 F 2d 800 (2nd Cir 1983) (Supervisor personal are subject to liability where evidence established that they authorized or approved unconstitutional conduct of the offending officers). From 1994 of the there duties, to commit bodily harm to the Plaintiff. These false charges were not in there job description.

See: Marx v Gumbinner, 855 F 2d 783, 790 (11th Cir 1988) Burn's v Reed, 500 US 478,492,496 (1991); Allen v Lowder, 875 F 2d F 2d 918, 923 (5th Cir 1991)Wolfenbarger v William's, 826 F 2d 930,937 (10th Cir

The facts that will be presented in this complaint are the result of acts and actions that transpired at ASE State employees.

This is a Civil Rights Action filed by Leroy Walton in Prosona, asking for damages and injunctive relief under 42 USC 1983, alleging corruption, harassment, humiliation, modification of record's, Plaintiff Leroy Walton is suing the defendant and the private capacity to 1,000,000 a piece. Which caused physical pain; mental anguish, fright and shock; and psychological injury's. This a violation of the plaintiff's Civil and Constitutional Rights of the United States of America.

Rhode's  v  Chapman, 452 US at 347, Accord.

Wilson  v  Seiter, 111 S CT at 2324.

See: e.g. Hick's v Frey 992 F 2d 1450, 1457(6th Cir 1993) (extreme conduct by custodian's that cause's severe emotional distress is sufficient); Scher v Engelke. 943 F 2d 921, 924 (8th Cir 1981) (evidence of fear, mental anguish and misery can establish the requisite for an Eight Amendment claim) cert denied 1125 S Ct 1516 (1992); Kingsley v Bureau of Prison's 937 F 2d 2632

(2nd Cir 1991); White v Napolean, 897 F 2d 103, 111 (3rd Cir 1990); Parish v Johnson, 800 F 2d 600, 605 (6th Cir 1986).

See: Todaro v Ward, 565 F 2d 48, 52 (2nd Cir 1977); Kelly v McGinnis, 899 F 2d 612,616 (7th Cir 1990); Boswell v Sherburn County, 849 F 2d 577, 581 (4th Cir 1989); Boswell v Sherburne County, 849 F 2d 1117, 1123 (10th Cir 1988) cert denied 488 US 1010 (1989).

Procanier V. Navasette, 434 US 555, 55 Led 2d 24, 98 SCT 2018 (1978. Defendant's violated their own policies state laws and federal law. Plaintiff brought this 1983 42 U.S.C. for constitution violations. Municipalities are " persons" subject to suit. Monell V. Dept. Social Services 426 US 658, 56 Led2d 611, 98 SCT. 2018 (1978). Eleventh amendment Does provide immunity for state officials sued in their personal.

See: Helling v Mckinney, __ US __; 113 S CT 2475, 2480 (1993); Citing Deshanney v Winnebago County Department of Social Services, 489 US 189, 199-200; 109 S Ct 998 (1989)
Wilson v Seiter, 501 US 294, 304; 111 S Ct 2321, 2327 (1989)

Carven v Bunch, 946 F 2d 451, 126 (9th Cir 1982); Wolfish v Levi, 573 F 2d 118, 125 (2nd Cir 1978), Rev'd on other ground's sub nom; Bel v Wolfish, 441 US 520 (1978); Newnam v Alabama, 559 F 2d 283, 291 (5th Cir) cert denied 438 US 915 (1978).

1987); Mirele's v Waco, 502 US 9; 112 S Ct 286, 289 (1991); Walachowski v City of Keene, 787 F 2d 704, 710 (1st Cir); Boyd v Bigger's , 31; Randle v Gregart, 965 F 2d 90, 93 (6th Cir 1992).

The Defendant certainly has no respect for human life for falsifying record, Common sense have told Police to treat Plaintiff accordingly. These persons are supposed to be up holders of the law. While they are rally tearing apart a human's life. This certainly isn't part of their job description.

See: Aswegan v Bruhl, 965 F 2d 667,677,678 ( 8th Cir 1992); Hill v Marshall, 962 F 2d 1209, 1213-1214 (6thCir 1992); Johnson v Hay, 931 F 2d 456, 461-462 ( 8th Cir 1991); Boretti v Wiscomb, 930 F 2d 1150,1156 (6th Cir 1991); Johnson v Handin County

Sorann's Gasco v. Morgan, 874 F 2d 1310 (9th Cir 1989); Deliberate retaliation by state against individuals's exercise of rights' to petition the government for redress under Civil Rights statute. Wildberger v. Bracknell, 869 F 2d 1467. Defendant's are operating under the color of state law of rights secured by the constitution of the United States. Defendan'ts violated their own statutes  and state law and federal law. Attepmts to destroy the Plaintiff's life who's seeking money damage from these defendan't fo violtion of Constitutional Rights. Plaintiff is not required to exhaust his administrative remedies prior to filing a 1983 42 U.S.C., seeking money damages. Muhammad v. Carlson, 739 F 2d 122 (3rd Cir 1984); Officials must obey their own statutes. It infringes on exercise of First Amendment Rights, guaranteed by the Constitutuion of the United States. Wisconsin Action Coalition v. City of Kenosha, 767 F 2d 502, 503 (8th Cir 1985); 97 50 Led 2d 251, 97 S Ct 283 (1976); Hutto v. Finnley, 437 US 678, 57 L Ed 2 d 522, 98 S Ct 2565 (1978); Hutching v. Corum, 501 F Supp 1293 (W D Missouri 1980);

Cite: Gandhi  V. Police Dept. of City of Detroit, 747 F2d 338 (6th Cir. 1984); stokes V. Delcambre, 710 F2d 1120 (5th Cir. 1983); Maggett V. Delshierm , 709 F2d 800 (2cd Cir 1983) (Supervisory Personnel are subject to liability where evidence established that they authorized or approved unconstitutional conduct of the offending officers.

Dube v. State University of New York , 900 F2d 587 (2nd Cir. 1990). Plaintiff is seeking injunctive relief against these defendants in a private and professional capacity. Monetary, punitive, compensatory for different times using erroneous information. And for violating their policies. Pulliam V. allan, 466 US 52, 80 Led 2D 525, 104 SCT. 1970 (1984); Wahl v. McIver, 773 F2d 1169, 1172

Erroneous charges from the plaintiff's file. Parties who join conspiracy becomes criminally liable for all acts done in furthrerance thereof. US v. Mobile Materials, Inc., 881 F 2d 866 (10th Cir 1989) if he played only a minor role in total scheme. Proof is sufficient, if it shows an unlawful agreement, knowledge of agreement, and their voluntary cooperation in inilegal venture. US v. Clark, 732 F 2d 1536 (11th Cir 1984); has the right to expect officials to follow it's policies and regulations. Caldwell v. Miller 790 F 2d 589 (7th Cir 1986); Anderson v. Smith, 697 F 2d 239 (8th Cir 1983).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

**Civil Rights Complaint**

Slaughter House Cases, 16 Wall. 36, 67-72 (1873); Strauder v. West Virginia, 100 U.S. 303, 307-308 (1880): "It's ordains that no state shall deprive any person of life , liberty, or property without due process of law or deny within any person within jurisdiction the equal protection of laws. What is this but [347 U.S. 483, 491 declaring that the law in the states shall be the same for the black as for the white; that all persons, whether colored or white, shall stand equal before the laws of the States, and, in regard to the colored race, for whose protection of the amendment was primarily designed, that no discrimination shall be made against them by law because of their color? The of the amendment, it is true, are prohibitory, but they contain a necessary implication of positive immunity, or right, most valuable to the colored race, the right to exemption from unfriendly legislation against them distinctively as colored, --exemption from legal discrimination, implying inferiority in civil society, lessening the security of their enjoyment of the rights which others enjoy, discrimination which are step towards reducing them to condition of a subject race. Virginia v. Rives, 100 U.S. 313, 318 (1880); Ex Parte Virginia, 100 U.S. 339, 344-345 (1880).

The doctrine apparently originated in Roberts v. City of Boston, 59 Mass. 198, 206 (1850), upholding school segregation against attack as being violative of the state constitutional guarantee of equality. Segregation in Boston public schools was eliminated in 1855.
Morgan v. Virginia 328 U.S.; Patton v. Mississippi, 332 U.S. 463 (1947); Shelly v. Kraemer, 334 U.S. 1 (1948); Garner v. Louisiana, 368 U.S. 157 (1961); Chambers v. Florida, 309 U.S. 227 (1940); Smith v. Allwright, 321 U.S. 649 (1944); Grovey v. Townsend, 295 U.S. 45 (1935); Sipuel v. University of Oklahoma 332 U.S. 631 (1948); Sweatt v. Painter, 339 U.S. 629 (1950); McLaurin v. Oklahoma State Regents, 339 U.S. 637 (1950); Brown v. Board of Education of Topeka, 347 U.S. 483 (1954); Keyishian v. Board of Regents, 345 F. 2d 236, 239 (2d Cir.1965); Anglet v. Fay, 333 F. 2d (2d Cir. 1964); People of New York v. Cruikshank, 92 U.S. 542 (1876); United States v. Price, 383 U.S. 787 (1966); United States v. Guest, 383 U.S. 745 (1966); Miranda v. Arizona, 384 U.S. 436 (1966); Stanley v. Georgia, 349 U.S. 557 (1969);

Furman v. Georgia, 408 U.S. 238 (1972); Gregg v. Georgia, Proffitt v. Florida, Jurek v. Teaxas, Woodson v.North Carolina, and Roberts v. Louisiana, 428 U.S. 153 (1976); Roe v. Wade, 410 U.S. 153 (1976); Roe v. Wade, 410 U.S. 113 (1973); Milliken v. Bradley, 418 U.S. 717 (1974); San Antonio School District v. Rodriguez, 411 U.S. 1 (1973); Regents of the University of California v. Bakke, 438 U.S. 265 (1978); Baker v. Carr, 369 U.S. 186 ( 1962); Reynolds v. Sims, 377 U.S. 553 (1964); Gideon v. Wainright, 372 U.S. 335 (1963); Miranda v. Arizona 384 U.S. 436 (1966); Engel v. Vitale, 370 U.S. 421 ( 1962); Swann v.

Civil Complaint

Under The Civil Rights Act

42 U.S.C. S 1983


<u>DEFENDANT'S</u>

Eleventh Amendment DOES NOT provide immunity for state officials sued in their in their personal capacities. <u>Dube</u> v. <u>State University of New York</u>, 900 F 2d 87 (2nd Cir 1990)

Forcing the arrest and harass the Plaintiff. Causing serious psychological damages, physical pain, mental anguish, frighten, shock, embarrassment, humiliation by putting these false charges on the Plaintiff.


Supervisory officers can only be held liable under respondent supervisor theory if they fail to train or control subordinates statute. An agency must follow his own procedure even though the procedure is more stringent.

<u>Payne</u> v. <u>Block</u>, 714 F 2d 1510 (11th Cir 1984); Police Department to arrest and harass the plaintiff on the erroneous charges. Causing serious psychological damages, physical pain, mental anguish, frighten, shock , embarrassment, humiliation who caused plaintiffs injury. <u>White</u> v. <u>Farrier</u>, 849 F 2d 322 (8th Cir 1988);

Members are subject to liability where evidence established that they authorized or appoved unconstitutuinal conduct of the offending officers. <u>Ghandi</u> v. <u>Police Department of the City of Detroit</u>, 747 F 2d 338 (6th Cir 1984); <u>Stokes</u> v. <u>Delcambre</u>, 710 F 2d 1120 (5th Cir 1983); <u>Maggette</u> v. <u>Dalshiem</u>, 709 F 2d 800 (2nd Cir 1983);

These defendant's are being sued. State officials not immune from liabilities for official acts when motivated by malicious intent to deprive plaintiffs constitutional rights. <u>Procunier</u> v. <u>Navasette</u>, 434 US 555, 55 L RF 2d 24, 98 S CT 2018 (1978); Defendan'ts violated their own policies, state law and federal law. Plaintiff brought this 1983 42 U.S.C. for Constitution violations. Municipalities are "persons: subject to suit. <u>Monell</u> v. <u>Department of Social Services</u>, 426 US 658, 56 L Ed 2d 611, 98 S Ct 2018 (1978); Eleventh Amendment DOES NOT provide immunity for state officials sued in their personal capacities. <u>Dube</u> v. <u>State University of New York</u>, 900 F 2d 587 (2nd Cir 1990); Plaintiff is seeking injunctive relief against these defendant's in their private and professional capacity. For monetary,punitive, compensatory and using erroneous information. And for violating their own polices. <u>Pulliam</u> v. <u>Allen</u>, 466 US 522, 80 L Ed 2d 565. 104 S Ct 1970 (1984); <u>Vahl</u> v. <u>McIver</u>, 773 F 2d 1169. 1172 (11th Cir 1985).

Hick's v Frey 992 F2d 1450, 1457 (6th Cir 1993)
Scher v Engelke, 943 F2d 921, 924 (8th Cir 1981)
Kingsley v Bureau of Prison's 937 F2d 2632 (2nd Cir 1986)


Kaseem Reed Mayor of Atlanta
Judge Gary Jackson
Dennis Collier
Cicley Barber (see for Jane Morrison)

City of Atlanta
Rosaline Murphy Joy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

Mayor of Atlanta
Kasim Reed

Judge Gary Jackson
160 Prior Street Rm J-301
Atlanta, GA 30303

Dennis Collier
160 Prior Street Rm J-301
Atlanta, GA 30303

Cicely Barber
See for Jane Morrison
160 Prior Street Rm J-301
Atlanta, GA 30303

How long will it take for a black man to drive from Michigan to Atlanta, GA

I was almost in the same position Scott was in, they killed him. Medicaid/Medicare has spent 2 million # on me in past 4 yrs.



STATE OF MICHIGAN

**DEPARTMENT OF STATE**
LANSING

May 07, 2015

LEROY WALTON
6068 WOODPECKER
YPSILANTI, MI 48197

Dear MR. WALTON:

RE:   Michigan Driver License #:   W-435-510-015-660

Your request of recent date has been received in this office.

Our records indicate that the original Michigan driver's license was issued prior to OCTOBER 22, 1991.

If you have any questions, please feel free to contact our office by phone or letter.

Sincerely,

RECORD LOOKUP UNIT
Office of Customer Services
517.322.1624

tjm

**GEORGIA**
**UNIFORM TRAFFIC CITATION, SUMMONS, AND ACCUSATION**

121301431

GAAPD0000
NC1C Number

4377982
Citation Number

CICA Number

CITY OF ATLANTA - DEPARTMENT OF POLICE

On Month _May_ (Day) _1_ (Yr.) _2012_ at _13_ : _55_ ☐ AM ☐ PM

License Class or Type _GA_

Operator License No. _970097653_

Name _Walton, Leroy_ (Last, Suffix) (First) ☐ M (Race/Sex)

Current Address _5649 Spring Mill_

City _Lithonia_ State _GA_ Zip _30038_ Phone Number

DOB _8/24/42_ Hair _BLK_ Height _6-03_ Weight _280_ Eyes _BRO_

Veh Yr. _02_ Make _Ford_ Style _Beaver_ Color _White_

Registration No. _BGS7615_

COG ☐ YES ☑ NO   ACCIDENT ☐ YES ☑ NO   INJURIES ☐ YES ☑ NO   FATALITIES ☐ YES ☑ NO

OFFENSE: (Other than above)      Code Section

_Driving While Unlicenced_   ☑ State Law ☐ Local Ordinance

_40-5-20_

COMPANION CASE ☐ Yes ☑ NO   CITATION No. / NAME:

REMARKS / VICTIM NAME / # _Person is Unlicensed_

Companion Case No. / NAME

on _319 Cleveland Ave SW_

Ofcr Name (Print) _Perrin_

APD ID No. _9333_ Assignment _2611_ Court Code : Off days _SAT_ Time _0800_

You are hereby ordered to appear in court to answer this charge on the _1st_ day

of _May_ _2012_ at _08_ : _50_ ☐ AM ☐ PM in the MUNICIPAL COURT OF.

ATLANTA AT 150 GARNETT STREET, ATLANTA, Georgia, 30303

LICENSE DISPLAYED IN LIEU OF BAIL   ☐ Yes ☑ No   RELEASED TO

SIGNATURE ACKNOWLEDGES SERVICE OF THIS SUMMONS AND RECEIPT OF COPY OF SAME

SIGNATURE _Jail_

**ARRESTING OFFICER'S CERTIFICATION**

SIGNATURE _D-Pat_ _9 May_ 2012

4377982
Citation Number

COURT PLUS COPY

Form APD 006 Rev 4/10 - DPS-32C (1/02)

I, the undersigned Clerk, do hereby certify that
the within and foregoing is a true complete and
correct copy of the original in said case, as
appears by the original on file and of record in
my office

Witness my hand and the seal of said court
this

_4th_ day of _Aug_

20 15



STATE OF MICHIGAN

**DEPARTMENT OF STATE**
LANSING

May 07, 2015


LEROY WALTON
6068 WOODPECKER
YPSILANTI, MI 48197

Dear MR. WALTON:

RE:    Michigan Driver License #:    W-435-510-015-660

Your request of recent date has been received in this office.

Our records indicate that the original Michigan driver's license was issued prior to OCTOBER 22, 1991.

If you have any questions, please feel free to contact our office by phone or letter.

Sincerely,


RECORD LOOKUP UNIT
Office of Customer Services
517.322.1624

tjm

**GEORGIA**
**UNIFORM TRAFFIC CITATION, SUMMONS, AND ACCUSATION**

CICA Number: 21301431
NCIC Number: GAAPD0000
Citation Number: 4377983

CITY OF ATLANTA - DEPARTMENT OF POLICE

On Month: May (Day) ___ (Yr.) 2012 at 13:55 ☐ AM ☑ PM

License Class or Type: ___ State GA Endorsements ___ Expires ___

Operator License No. 970097653

Name: Walton, Leroy (Last, Suffix) (First) (Middle) B/M (Race/Sex)

Current Address: 5649 Spring Mill ___ Apt ___

City: Lithonia State GA 32034 Phone Number ___

DOB 8/24/42 Hair BLK Height 6-03 Weight ___

Veh. Yr. 02 Make Ford Style Ranger Color Dk.

Registration No. DGS9615 Yr. 13 State GA

CDL ☐ YES ☑ NO ACCIDENT ☑ YES ☐ NO INJURIES ☐ YES ☐ NO FATALITIES ☐ YES ☐ NO

☐ 2-LANE ROAD ☐ DRIVER REQUESTED ACCURACY CHECK ☐ VASCAR ☐ PACED ☐ RADAR

Within the State of Georgia, did commit the following offense: SPEEDING - Clocked by ___ at ___ MPH in a ___ zone

(Speed #) ___ Calibration/Check ___

☐ DUI (Test Administered) ☐ BLOOD ☐ BREATH ☐ URINE ☐ OTHER) DUI Test Results ___

TEST ADMINISTERED BY (If Applicable) ___

OFFENSE (Other than above) ___ Code Section ___

Cracked Windshield 40-8-73 ☑ State Law ☐ Local Ordinance

COMPANION CASE ☐ Yes ☐ No CITATION No. / NAME: ___

REMARKS / VICTIM NAME / #: Crack Greater than 3 X 3

| WEATHER | (A) ROAD | (B) | TRAFFIC | LIGHTING | COMMERCIAL VIOLATION INFORMATION |
|---|---|---|---|---|---|
| ☐ Clear | ☐ Dry | ☐ Concrete | ☐ Light | ☐ Daylight | ☐ 16+ Passengers |
| ☐ Cloudy | ☑ Wet | ☑ Blacktop | ☐ Medium | ☑ Darkness | ☐ Commercial Vehicle Violation |
| ☐ Raining | ☐ Ice | ☐ Dirt | ☐ Heavy | ☐ Other | ☐ Hazardous Material Violation |
| ☐ Other | ☐ Other | ☐ Other | | | |

NCIC Number: GAAPD0000

In the City of Atlanta, County of Fulton / DeKalb / Clayton
on 311 Cleveland Ave SW (No., Highway, Road, Street, Intersection, or Private Property)

Officer Name (Print): Porter APD No. 4533 Assignment 7311 Court Code : Off days MT Time 0800

2d Officer Name (Print) ___ APD No. ___ Assignment ___ Court Code : Off days ___ Time ___

You are hereby ordered to appear in court to answer this charge on the 10 day of May Yr. 2012 @ 8:00 ☐ AM ☐ PM in the MUNICIPAL COURT OF ATLANTA AT 150 GARNETT STREET, ATLANTA, Georgia, 30303 ☐ Copy ☑ E-mail

NOTICE: This citation shall constitute official notice to you that failure to appear in Court at the date and time stated on this citation to dispose of the cited charges against you shall cause the designated Court to forward your driver's license number to the Department of Driver Services, and your driver's license shall be suspended, (Georgia Code 17-6-11 and 40-5-56). The suspension shall remain in effect until such time as there is a satisfactory disposition in this matter or the Court notifies the Department of Driver Services.

LICENSE DISPLAYED IN LIEU OF BAIL ☐ Yes ☑ No RELEASED TO ___

SIGNATURE ACKNOWLEDGES SERVICE OF THIS SUMMONS AND RECEIPT OF COPY OF SAME.

SIGNATURE ___

**ARRESTING OFFICER'S CERTIFICATION**
The undersigned, being duly sworn, upon his or her oath and under penalty of perjury, deposes and states that he or she has just and reasonable grounds to believe, and does believe, that the person named herein has committed the offense set forth contrary to law.

SIGNATURE W. Porter ___

Sworn for and subscribed before me this ___ day of May 2012

SIGNATURE AND TITLE ___
Authorized and approved pursuant to ___

Citation Number: 4377983

FEDERAL
MOTION
Civil Rights

I, the undersigned Clerk, do hereby certify that the within and foregoing is a true complete and correct copy of the original in said case, as appears by the original on file and of record in my office

Witness my hand and the seal of said court this ___ day of Aug ___ 2015

STATE COURT OF FULTON COUNTY
185 CENTRAL AVE., S.W.
ATLANTA, GEORGIA 30303
CALENDAR NOTICE

# FEDERAL MOTION

10/3/2014

STATE VS. LEROY WALTON

ACCUSATION NUMBER: 14CR008302

## Civil Rights

This above-styled case is set upon a PLEA AND ARRAIGNMENT Calendar.

| | |
|---|---|
| **Time:** | 9:00 AM |
| **Date:** | 11/24/2014 |
| **Location:** | COURTROOM 2F |
| | Justice Center Tower |
| | 185 Central Avenue |
| | Second Floor |
| | Atlanta, GA 30303 |

This case is before the Honorable Jane Morrison, Fulton County State Court – Criminal Division.

**YOU MUST BE PRESENT AND MAY BE REPRESENTED BY A LAWYER. IF YOU ARE FREE ON APPEARANCE BOND AND FAIL TO APPEAR, YOUR BOND WILL BE SUBJECT TO FORFEITURE AND A WARRANT MAY ISSUE FOR YOUR RE-ARREST.**

DEFENDANT IS REQUIRED TO:
(1) Be on time.
(2) Immediately notify the Criminal Division at 404-612-5085, your Bondsman, and the United States Post Office of any change of address.
(3) If you have an attorney, have him or her send written notice to the Criminal Division that he or she is Counsel of record in your case.
(4) Maintain continuing communication with your attorney, if you have one.
(5) Be present with your attorney at the time and place indicated on this notice.
(6) Bring this notice to court on the required date.
(7) Turn all pagers, cell phones and other noise-making devices on vibrate or silent mode.
(8) Dress appropriately: NO SHORTS, NO HATS, and NO HALTER TOPS AND NO PRINTED T-SHIRTS.

**A COPY OF THIS NOTICE IS PERMANENTLY RETAINED IN YOUR CASE FILE**
Cicely Barber, Esq. - Chief Clerk



## THE CITY OF ATLANTA MUNICIPAL COURT
## STATE OF GEORGIA

FEDERAL
MOTION

Civil Rights

August 04, 2015

City of Atlanta

vs

**RESPONDENT'S NAME:**  LEROY WALTON
**RESPONDENT'S ADDR:**  5649 SPRING MILL CIR
LITHONIA, GA 30038

**DATE OF BIRTH:**  08/24/1942   **DRIVERS LICENSE #:** 970097653

**CASE#:** 12TR063595
**CASE STATUS:**  OPEN
**OFFENSE DATE:**  05/09/2012
**Ticket#:  1**              4377983
  **Charge:**              40-8-73         MATERIAL IN WIN/OBST VIEW / WIPERS REQUIRED
  **Disposition:**         05/14/2012      GUILTY
**Ticket#:  2**              4377982
  **Charge:**              40-5-20         NO DRIVERS LICENSE
  **Disposition:**         05/14/2012      NOLLE PROSEQUI

**AMOUNT DUE:** $0.00

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT STATEMENT OF THE
DOCKET, COMPLAINT, ACCUSATION, AND JUDGMENT RENDERED BY THE MUNICIPAL COURT
OF
ATLANTA, GEORGIA.

Given under my hand and official signature this **04 August, 2015**

Court Clerk

FEDERAL
MOTION

Civil Rights

**THE LENWOOD A. JACKSON SR. JUSTICE CENTER**
150 Garnett St., S.W.   Atlanta, GA, 30303-3612   (404) 658-6767

**Civil Rights Complaint**

Slaughter House Cases, 16 wall. 36, 67-72 (1873); Strauder v. West Virginia, 100 U.S.303, 307-308 (1880): "Its ordains that no state shall deprive any person of life, liberty, or property, without due process of law or deny within any person within jurisdiction the equal protection of laws. What is this but [347 U.S. 483, 491 declaring that the law in the states shall be the same for the black as for the white; that all person, whether colored or white, shall stand equal before the laws of the States, and, in regard to the colored race, -- the right to exemption from unfriendly legislation against them distinctively as colored,-- exemption from legal discrimination, implying inferiority in civil society, lessening the security of their enjoyment of the rights which others enjoy, discrimination which are step towards reducing them to condition of a subject race. " Virginia v. Rives, 100 U.S. 313, 318 (1880); Ex. Parte Virginia, 100 U.S. 339, 344-345 (1880).

The doctrine apparently originated in Roberts v. City of Boston, 59 Mass. 198, 206 (1850), upholding school segregation against attack as being violative of the state constitutional guarantee of equality. Segregation in Boston public schools was eliminated in 1855.

See: Forbe's v Trigg, 976 F 2d 308, 316-317 (7th Cir 1992); McFarland v Cassady, 779 F 2d 1426, 1426 (9th Cir 1986); King v Well's, 760 F 2d 89, 93 (6th Cir 1983); Bartholomew v Watson, 665 F 2d 112, 112-123 (2nd Cir 1983); Bartholowmew v Watson, 665 F 2d 915 (9th Cir 1982); Fox v Coughlin, 893 F 2d 1102, 1104 (10th Cir 1991).

See: Robinson v State of California, 370 US 660 (1962); Monrow v Pape, 365 US 167 (1961); Weem's v United States, 217 US 349, 368 (1910); Rudolph v Alabama, 375 US 889, 890-891 (1963); Lee v Tahash, Supra, 352 F 2d 972; Weem's v United States, Supra, 217 US at 378; Trop v Drllie's, 356 US 86, 100-101 (1958); Rudolph v Alabama, Supra, 375 US at 890; Weem's v United States, Supra; Robinson v State of California, Supra, at 676; Rudolph v Alabama, Supra, 375 US a t 891; Jorden v Fitzharris; See: Reaid V Lee 396 F 2d 749 (5th Cir 1968); Wright v McMann, Supra.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## AT CINCINNATI

<u>Certification of Service</u>

I hereby certify that I have this day served a copy of the within and foregoing "Rule 5.2 Certificate of Service" upon all parties to this matter by depositing a true copy of same on the U.S. Mail, with proper postage prepaid, addressed to counsel of record as follows:

Georgia Attorney General Office
40 Capital Square S.W.  Atlanta, GA 30334

Leroy Walton
Plaintiff

v.

Defendants
Georgia Department of Driver Services

Gary Jackson
Carmen Smith
Dennis Collier  Attorney

Cicily Barber, [185 Central Ave S.W. Atlanta, Ga 30303]
Jane Morrison [185 Central Ave S.W. Atlanta, Ga 30303]
Patty, Dept. of state
Joe, Dept. of State
Et. John Doe

Sorann's Gasco v. Morgan, 874 F 2d 1310 (9th Cir 1989); Deliberate retaliation by state against individual's exercise of right's to petition the government for redress under Civil Rights statute. Wildbergar v. Bracknell, 869 F 2d 1467

Defendants are operating under the color of state law of rights secured by the Constitution of the United States. Defendant's violated their own statutes and state law and federal law attempts to destroy the Plaintiff's life.

Who's seeking money damage from these defendant's for violation of Constitutional Rights. Plaintiff is not required to exhaust his administrative remedies prior to filing a 1983 s 42

U.S.C., seeking money damages. Muhammad v. Carlson, 739 F 2d 122

(3rd Cir 1984); officials must obey their own statutes.

It infringes on exercise of First Amendment Right's guaranteed by the Constitution of the United States.

Wisconsin Action

Coalition v. city of Kenosha, 767 F 2d 502, 503 (8th Cir 1985);

See: Estelle v. Gamble, 429 US 97, 50, L Ed 2d 251, 97 S Ct 283 (1976);

Hutto v. Finnley, 437 US 678, 57 L Ed 2d 522, 98 S Ct 2565 (1978);

Hutching v. Corum, 501 F Supp 1293 (W D Missouri 1980)

**United States Federal Court**

~~~ ~~~ ~~~ ~~~

~~~ ~~~ ~~~ Division

**Civil Rights Complaint**

Slaughter House Cases, 16 wall. 36, 67-72 (1873); Strauder v. West Virginia, 100 U.S.303, 307-308 (1880): "Its ordains that no state shall deprive any person of life, liberty, or property, without due process of law or deny within any person within jurisdiction the equal protection of laws. What is this but [347 U.S. 483, 491 declaring that the law in the states shall be the same for the black as for the white; that all person, whether colored or white, shall stand equal before the laws of the States, and, in regard to the colored race, -- the right to exemption from unfriendly legislation against them distinctively as colored,-- exemption from legal discrimination, implying inferiority in civil society, lessening the security of their enjoyment of the rights which others enjoy, discrimination which are step towards reducing them to condition of a subject race. " Virginia v. Rives, 100 U.S. 313, 318 (1880); Ex Parte Virginia, 100 U.S. 339, 344-345 (1880).

The doctrine apparently originated in Roberts v. City of Boston, 59 Mass. 198, 206 (1850), upholding school segregation against attack as being violative of the state constitutional guarantee of equality. Segregation in Boston public schools was eliminated in 1855.

**Civil Rights Complaint**

Leroy Walton
Plaintiff
     v.
Defendants
Georgia Department of Driver Services

Gary Jackson
Carmen Smith
Dennis Collier, Attorney

Cicily Barber, [185 Central Ave S.W. Atlanta, Ga 30303]
Jane Morrison [185 Central Ave S.W. Atlanta, Ga 30303]
Patty, Dept. of state
Joe, Dept. of State
Et. John Doe

Leroy Walton
6308 Sunflower Place Lithonia, Ga
30038

Rosaline Murphy Joy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
_____ DIVISION

_____

(Enter Above the Name of the Plaintiff in this Action)


vs.

_____

(Enter above the name of the Defendant in this Action)

If there are additional Defendants, please list them:

_____

_____

_____

_____


## COMPLAINT


I. Parties to the action:

Plaintiff: Place your name and address on the lines below. The address you give must be the address where the court may contact you and mail documents to you. A telephone number is required.

Leroy Walton · 6308 Sunflower Pl
*Plaintiff(s)* Lithonia GA 30038
v. 404 - 399 - 3647
Street Address

City, State and Zip Code

404 399 3647

Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this page with their full names, addresses and telephone numbers. If there are no other Plaintiffs, continue with this form.

Defendant(s):

Place the name and address of each Defendant you listed in the caption on the first page of this Complaint. This form is invalid unless each Defendant appears with full address for proper service.

1. _____
   Name - Full Name Please

   _____
   Address: Street, City, State and Zip Code

2. _____

   _____

3. _____

   _____

4. _____

   _____

5. _____

   _____

6. _____

   _____

If there are additional Defendants, please list their names and addresses on a separate sheet of paper.


II. Subject Matter Jurisdiction

Check the box or boxes that describes your lawsuit:

☑ Title 28 U.S.C. § 1343(3)
   [A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]

☑ Title 28 U.S.C. § 1331
   [A lawsuit "arising under the Constitution, laws, or treaties of the United States."]

☐ Title 28 U.S.C. § 1332(a)(1)
   [A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]

☐ Title _____ United States Code, Section _____
   [Other federal status giving the court subject matter jurisdiction.]

-2-

III. Statement of Claim

Please write as briefly as possible the facts of your case. Describe how each Defendant is involved. Include the name of all persons involved, give dates and places.

Number each claim separately. Use as much space as you need. You are not limited to the papers we give you. Attach extra sheets that deal with your statement claim immediately behind this piece of paper.

_____

_____

_____

_____

Civil Rights
Affidavit of Fact

You will find a copy of showing the continues of this case. In the month of December the 2012 defendents ordered Leroy Walton to come to court regarding expired Michigan driver's license a year and a half ago at approximately 7:00pm Leroy Walton and 2 of his companions went into the station to to bring a lottery ticket and prior to the 2 young men going into the store they told me to be careful since it was dark and I was from up North. 15 minutes later a police car pulled up and asked to see my license. I pulled my Michigan drivers license out and he went to the car and checked my license. He came back and said my license was expired I told him they were not expired and that I had only down here for 5 days. I was here to purchase a transmission and he said your license is expired they put the hands on their guns and called a tow truck and called a wagon to take me and my companions to jail the next morning we were up at 5:00am to go to court and the officer came by and I was to sick to go to court because I was suffering from a heart attack and stroke. I was then taken to Grady hospital where I mained chained to a bed for 10 days. On the 11th day I was returned to the jail and the next morning I ıs summoned to court. Once I was before the judge he asked how I pleaded regarding driving on a ⌐spended license I told him my license wasn't suspended he ordered me to give them to the court ⌐ppointed attorney. The Court appointed attorney ran in there and called Secretary of State Michigan. Then when he came back he told the judge that his license is not expired. The judge then told the attorney to hide the records in case he tries to bring a civil law suit and get him out of here. I was released immediately and went outside to call my wife. She picked me up and took me home after being at question for 30 days trying to figure out why these people would try to cover my drivers license and take my truck. Every time I would talk they would violate my civil rights and constitutional rights I was aware of the bogus tickets they were writing people, I had here all about it.

Treatment will depend on what is causing your chest pain.

## Heart Attack Symptoms in Men



Pale

Sweating

Jaw pain
with radiation
down the arm

Difficulty breathing

Nausea and
vomiting

Chest pain
or pressure

IV. Previous lawsuits:

If you have been a Plaintiff in a lawsuit, for each lawsuit state the case number and caption. (Example, Case Number: 2:08-cv-728 and Caption: John Smith vs. Jane Doe).

<u>Case Number</u>          <u>Caption</u>

_____    _____ vs. _____

_____    _____ vs. _____

_____    _____ vs. _____

V. Relief

In this section please state (write) briefly exactly what you want the court to do for you. Make no legal argument, cite no case or statutes.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I state under penalty of perjury that the foregoing is true and correct. Executed on this _17_ day of _2 0 — 17_ , 20___.

_____ _Leroy Wallon_
Signature of Plaintiff

-4-

**AO440 – SUMMONS IN A CIVIL ACTION**

Instruction as to the completion of service forms if you are filing a suit with a U.S. District Court located within the Southern District of Ohio.

Block 1 – Your name

Block 2 – First named defendant, if you are naming multiple defendants put the abbreviation "et. al.", which means "and others."

**NOTE** – The areas for block 1 and 2 is the title of your case and the title will appear on all documents you submit to the court and does not change.

Block 3 – The name and address of the defendant that you are serving with this process.

Block 4 – Your name and address.

The remainder of this form will be completed by the Clerk's Office.

You are required to submit the original and 3 copies for each defendant that you are serving.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

Leroy Walton
Plaintiff

v.

Defendants                          BLOCK 1
Georgia Department of Driver Services
Ruth Johnson, Secretary of State (MI)
Gary Jackson
Carmen Smith
Dennis Collier, Attorney

Cicily Barber, [185 Central Ave S.W. Atlanta, Ga 30303]
Jane Morrison [185 Central Ave S.W. Atlanta, Ga 30303]
Patty, Dept. of state                  *Defendant(s)*
Joe, Dept. of State
Et. John Doe

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*


BLOCK 3


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

BLOCK 4


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: 17 20 C7

_____
*Signature of Clerk or Deputy Clerk*

**FORM USM PROCESS RECEIPT AND RETURN**

Block 1 – Your name

Block 2 – First named defendant, if you are naming multiple defendants put the abbreviation "et. al.", which means "and others."

**NOTE** – The areas for block 1 and 2 is the title of your case and the title will appear on all documents you submit to the court and does not change.

Block 3 – The name of the defendant that you are serving with this process.

Block 4 – The address of the defendant that you are serving with this process.

Block 5 – Your name and address.

Block 6 – Your signature.

Block 7 – Indicate by marking an X through one of the boxes whether you are the plaintiff or defendant.

Block 8 – Your telephone number, this is extremely important, the court must be able to contact you.

Block 9 – The date you complete the form.

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| BLOCK 1 | |
| DEFENDANT | TYPE OF PROCESS |
| BLOCK 2 | |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

BLOCK 3

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

BLOCK 4

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| BLOCK 5 | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

Fold                                                                 Fold

BLOCKS 7

| Signature of Attorney other Originator requesting service on behalf of: | ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| BLOCK 6 | | BLOCK 8 | |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. ____ | District to Serve No. ____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | **$0.00** |

REMARKS:

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

## <u>ADDRESSES TO THE U.S. ATTORNEY AND THE U.S. ATTORNEY GENERAL FOR SERVICE OF PROCESS IN CASES FILED AGAINST THE UNITED STATES</u>

United States Attorney
Southern District of Ohio
Atrium II
221 E. Fourth Street, Suite 400
Cincinnati, OH 45202

United States Attorney General
U.S. Department of Justice
10th and Constitution Avenue N.W.
Room 5111
Washington, DC 20530


## <u>ADDRESSES TO THE U.S. ATTORNEY, U.S. ATTORNEY GENERAL, AND GENERAL COUNSEL FOR THE SOCIAL SECURITY ADMINISTRATION FOR SERVICE OF PROCESS IN CASES FILED APPEALING THE SOCIAL SECURITY ADMINISTRATIONS DECISION</u>

General Counsel
Social Security Administration
Altmeyer Building
6401 Security Boulevard
Baltimore, MD 21235

United States Attorney
Southern District of Ohio
303 Marconi Blvd., 2nd Floor
Columbus, OH 43215

United States Attorney General
U.S. Department of Justice
10th and Constitution Avenue N.W.
Room 5111
Washington, DC 20530



## Privacy Warning!

The Advisory Committee Note accompanying Federal Rule of Civil Procedure 5.2 states, "The clerk is not required to review documents filed with the court for compliance with this rule. The responsibility to redact filings rests with counsel and the party or non-party making the filing."

When reviewing documents for electronic filing, be sure to review any attachments and/or exhibits for personal identifiers.

*When you file a piece of paper with the Clerk's Office, the Clerk's Office will scan the document to make it electronic and file it in your case. Anyone with the ability to view electronic cases will be able to see your document. Make sure that you omit or "black out" parts of the below-listed identifiers so that individuals cannot see your entire personal information.*

Personal identifiers include:

1.    Social Security numbers    6 2 8 4
2.    Financial account numbers
3.    Dates of birth
4.    Names of minor children
5.    Home addresses (in criminal cases)

Only the last four digits of a Social Security number should be seen, for example, 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 should be seen as XXX-XX-6789

Only the last four digits of a financial account number should be seen, for example, 12 3456789 10 11 should be seen as XX XXXXXXX 10 11

Only the year of a date of birth should appear, for example, 1/23/45 should appear as X/XX/45    8-2 4 - 4 2

If a name of a minor child appears, John Doe, the name should be redacted to read, J.D. (Only the initials should be visible).

If a home address appears on a document in a criminal case, 1234 Main Street, Cincinnati, Ohio, the address should be redacted to read, Cincinnati, Ohio (only the city and state should be visible).

6308 Sunflower Place
Lithonia, GA 30038
Hr'' 299-3647.

Printed name and title